<div align="right">1819.

Chapman
vs
Dixon</div>

**DECREE AFFIRMED.**

---

## CHAPMAN vs. DIXON's Adm'x.

APPEAL from *Charles* County Court. *Assumpsit* brought on the 12th of August 1815. The declaration contained counts for sundry matters and articles properly chargeable in account; for money paid, laid out and expended; for pasturage for horses, &c. *Quantum meruit* for matters and articles properly charged in account, sold and delivered, and pasturage furnished, &c. For the hire of negroes, &c. and on an *insimul computassent* with the administratrix, and her promise to pay, &c. *Non assumpsit* and the act of limitations pleaded.

At the trial the plaintiff, (the appellant,) produced *J. B. Wills* a competent witness, who gave in evidence, that

<div align="right">JUNE.

In an action of *assumpsit* against an administratrix, she pleaded the act of limitations; and to avoid the bar the plaintiff proved, that immediately preceding the institution of the suit, he presented his account to the defendant, who said she did not wish to see it; that she would pay all just claims against the estate of the deceased, as soon as she obtained money, and that she would put the money into the hands of the</div>

Orphans' Court, to have the same adjusted, and that if the plaintiff would pass his account with the Orphans' Court, she would pay it. *Held*, that these declarations of the administratrix were sufficient to prevent the operation of the act of limitations. By announcing her determination to pay all just claims, she waived all benefit of the statute, and her subsequent promise to pay the account, if the Orphans' Court would pass it, demonstrated her willingness to pay the claim, if it was found to be correct. *Per Martin and Dorsey*, J.

Where a declaration in *assumpsit* against an administratrix contained sundry counts on promises made by the defendant's intestate, and a count, stating that the defendant administratrix aforesaid, after the death of the intestate, accounted with the plaintiff. &c and upon that accounting the intestate was found indebted to the plaintiff in, &c. and that *defendant*, in consideration thereof, promised the plaintiff to pay him, &c. *Held*, that as it is not stated that the defendant promised as administratrix to pay, her declarations to pay the claim could not disprove her plea of the act of limitations. *Per Martin and Dorsey*, J,

Whether or not an agreement between the plaintiff and defendant to refer the matter in dispute to arbitration, will operate to take the case out of the act of limitations? *Quere.*

Where the jury omit to find on one of the issues joined, it cannot operate to the prejudice of the plaintiff, if his declaration is so essentially defective that no judgment can be rendered thereon in his favour. *Per Martin and Dorsey*, J.

himself and others had been appointed referrees to adjust and determine a claim on the part of the plaintiff against the defendant's intestate; and on the examination of the subject, the account, on which the present suit is brought, was put into his hands by the plaintiff. That the account was headed: "Mr. *Thomas Dixon* Dr. to *Samuel Chapman*, Cr." The debits therein commenced on the 20th of June 1805, and ended on the 31st of December 1812, and the credits commenced on the 24th of February 1806, and ended on the 11th of April 1812, and there was a certificate by a justice of the peace that the account was truly copied from the books of accounts of the plaintiff, which books appeared to be legally proved. This witness also proved, that the defendant also produced an account against the plaintiff. That considering that the reference authorised them to adjust this claim, they proceeded to adjust and examine the accounts, and that he read over the plaintiff's account to the defendant, and she only disputed the charges for pasturage, bark and sheep skins, and perhaps the charge for wood. The plaintiff gave substantially the same evidence, by *G. D. Parnham*, another competent witness. It was further proved, that on comparing the accounts, the defendant claimed credits to the amount of a few dollars more than were allowed in the plaintiff's account, and that the plaintiff then agreed to allow all the credits claimed. This conversation took place in the winter of the year 1815. The plaintiff also proved, by other competent witnesses, that the plaintiff's account before mentioned, was presented by him to the defendant in August 1815, before this suit was brought, and laid by him before the defendant, saying there is my account. That she replied she did not wish to see it; that she would pay all just claims against the estate as soon as she obtained money; that she would put the money into the hands of the orphans court to have the same adjusted, and that if the plaintiff would pass his account with the orphans court she would pay it. To this the plaintiff answered, that the judges of the orphans court would not trouble themselves with the payment of debts. He also proved that the defendant's intestate had received from him wood, bark and sheep skins, and had pastured his stock; but could not shew the quantity of either. The defendant then prayed the opinion of the court, that the plaintiff on this evidence was not entitled to recover. And the Court, [*Johnson*, Ch. J. and *Key*, A. J.] were of opinion, and so directed the jury, that the evidence, as delivered by the referrees, must be taken altogether, and not the defendant's admissions of some of the items, disregarding what she said of the others; and that the evidence disclosed by the witnesses at the last time the account was presented, did not take the case out of the act of limitations, inasmuch as by the account itself the plaintiff had not complied with the condition of the promise by getting the account passed the orphans court. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and EARLE, MARTIN, and DORSEY, J.

*Chapman* and *Magruder*, for the Appellant. To shew that there was sufficient evidence to take the case out of the act of limitations, they referred to *Barney vs. Smith*, (*Ante* 485). 1 *Esp. Dig.* 287, 288. (151.) *Yea vs. Fouraker*, 2 *Burr* 1099. *Bryan vs. Horseman*, 4 *East*, 599. *Catling vs. Skoulding*, 6 *T. R.* 189. *Laurence vs. Worrall*, *Peake's N. P.* 93. *Lloyd vs. Maund*, 2 *T. R.* 760. *Webber vs. Tivill*, 2 *Saund.* 127, (note 6); and *Davies vs. Smith*, 4 *Esp. Rep.* 36.

*Martin*, (Attorney General,) for the Appellee.

DORSEY, J. The declaration in this case contains *five* counts, on promises made by the defendant's intestate to the plaintiff; the *sixth* and last count states that the said *Margery Dixon*, administratrix as aforesaid, after the death of the intestate, accounted with the plaintiff concerning divers sums of money due and owing from the intestate, and that upon such account the intestate was found indebted to the plaintiff in the sum of three hundred pounds, and that the said *Margery*, in consideration thereof, promised the plaintiff to pay him the said sum of money. The defendant pleaded, that neither the intestate, nor herself, assumed in manner and form as the plaintiff had declared; and further pleaded *non assumpsit infra tres annos*, and *actio non accrevit infra tres annos*, on which issues were joined. The jury, by their verdict, find that the intestate did not assume upon himself in manner and form as the plaintiff had declared.

By the proof stated in the bill of exceptions, it appears that the plaintiff's cause of action accrued three years before the institution of the suit. And the plaintiff, to avoid the bar set up by the defendant in her *second* and *third* pleas, proved that the plaintiff and defendant had agreed to refer the claim of the former to arbitration; that immediately preceding the institution of the suit, to wit, on the 15th of August, the plaintiff presented his account to the defendant, who said she did not wish to see it; that she would pay all just claims against the estate of the deceased, as soon as she obtained money, and that she would put the money into the hands of the orphans court, to have the same adjusted, and that if the plaintiff would pass his account with the orphans court she would pay it.

On this proof the counsel for the defendant prayed the direction of the court to the jury, that the plaintiff was not entitled to recover. The court directed the jury that the conversation on the 15th of August did not take the case out of the act of limitations, as the plaintiff had not complied with the condition of the promise, by procuring his account to be passed by the orphans court. To this opinion the plaintiff excepted. That the declarations of the

1819.

Chapman
vs
Dixon

of the defendant on the 15th of August would be sufficient to prevent the operation of the act of limitations in a case where, from the pleadings, they were legally admissible, I have no doubt. By announcing her determination to pay all just claims, she waived all benefit of the statute, and her subsequent promise to pay the account if the orphans court would pass it, demonstrates her willingness to pay the claim, if it was found to be correct.

The authority of *Heyling vs. Hastings,* 1 *Salkeld,* 29, is decisive on this point. The defendant being requested to pay for goods which he had purchased six years before the institution of the suit, denied that he had bought the goods, but further said, "prove it and I will pay you." This promise was deemed sufficient to relieve the case from limitation.

The next question is, what is the effect of those declarations with reference to the pleadings in the cause? The *five* first counts are founded on assumptions made by the intestate to the plaintiff; under neither of those counts was the said testimony admissible to defeat the defendant's pleas of limitations. *Sarell vs. Wine,* 3 *East,* 408. *Secar vs. Atkinson,* 1 *H. Blk. Rep.* 102. 1 *Chitty's Plead.* 204, 205. 2 *Saunders,* 63, (note 6.)

Upon an examination of the *sixth* count it will be found, that the assumption therein stated is made by the defendant *in proprio jure,* and not as administratrix. The count does not state that the defendant, as administratrix, promised to pay the balance found due on the accounting, but avers the assumption to be made by her, without any reference to her representative character. The words are, "that the said *Margery,* in consideration thereof, promised to pay." True it is that the count commences by saying, "that the said *Margery,* administratrix aforesaid, accounted with the said *Samuel Chapman;* but this does not amount to an averment that she accounted as administratrix; and even if it did, there are no words of reference by which her promise to pay could be construed into a promise to pay in *autre droit.* The case of *Henshall vs. Roberts,* 5 *East,* 150, is full to this point.

In this view of the case there is no averment in the record of any promise made by the defendant as administratrix, and therefore her declarations, according to the authorities herein before referred to, could not disprove her *second* and *third* pleas.

If the *last* count would, when standing alone, be sufficient to charge the defendant personally, its association in this case with the other counts, taints the whole proceeding, by occasioning a misjoinder in action. But I am clear in the opinion that the last count, whether standing alone or in association with others, is essentially erroneous; as it states no promise or assumption by the intestate, or by the defendant as administratrix, it cannot charge the defendant as administratrix. It cannot charge the defendant personally, because no legal consideration is shown to support

her promise. If she was indebted in one right, and promised to pay in another right, from this promise she derived no advantage or convenience, and therefore the demand cannot be supported against her in her personal capacity. *Mitchinson vs. Hewson, 7 T. R.* 344.

It was urged by the plaintiff's counsel, that the jury did not find the whole matter in issue, as they had omitted to state in their verdict whether the defendant had assumed or not. Under the view which I have taken of the pleadings, such omission cannot operate to the prejudice of the plaintiff, as the count containing the promise of the defendant was so essentially defective that no judgment could be rendered thereon in favour of the plaintiff. I do not mean to decide the question how far an agreement between the plaintiff and defendant, to refer the matter in dispute to arbitration, would operate to take a case out of the act of limitations.

MARTIN, J. concurred with DORSEY, J.

JUDGMENT AFFIRMED.